UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Case No. 8:09-cv-001963-JDW-TBM

BETTY J. HENRY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's motion for summary judgment. (Dkt. 6). Defendant, who is proceeding *pro se*, was advised of the provisions of Federal Rule of Civil Procedure 56 by an order entered December 11, 2009. (Dkt. 7). Defendant filed a motion for leave to file documents under seal, which was denied on January 5, 2010. (Dkt. 8). Following the denial of her motion to seal, Henry failed to file a response to Plaintiff's motion for summary judgment. The motion is therefore deemed unopposed. Upon consideration, Plaintiff's motion for summary judgment (Dkt. 6) is **GRANTED**.

*Background*

Betty J. Henry did not file timely income tax returns for the 1993 and 1994 tax years. As a result, the Internal Revenue Service (IRS) assessed tax liabilities against Henry for unpaid federal income taxes, penalties and interest. In 2007, Henry filed income tax returns for the 1993 and 1994 tax years. The IRS abated the original assessments and reduced her liability to the amounts Henry disclosed in the late-filed returns. Based upon information disclosed in her 2006 income tax return, the IRS assessed income tax against Henry for the 2006 tax year. Despite notice and demand, Henry failed to pay the outstanding assessments for 1993, 1994, and 2006.

The United States initiated this action pursuant to 26 U.S.C. § 7401 to reduce the assessments

1

of income tax to judgment. The United States has moved for final summary judgment. In support of its motion, the United States submitted the Declaration of Bryan Morris, an IRS revenue officer. (Dkt. 6-2). Morris attached an Account Transcript which identifies Henry by name and taxpayer identification number; specifies that the tax liabilities pertain to Form 1040A U.S. Individual Income Tax Returns; identifies each tax year for which liabilities have been assessed; and provides the date and amount of each assessment, payment, credit, and penalty, as well as the amount of accrued interest. (Dkt. 6-2).

*Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24.

*Discussion*

The United States submitted the declaration of an IRS revenue officer which certified that the attached Account Transcript was a true transcript of all assessments, interest, and penalties on

record for Henry for the tax years 1993, 1994, and 2006. The declaration further averred that the records account for all appropriate credits, payments, and abatements. Henry has not challenged the validity or accuracy of the Account Transcript or any information contained in those records. Although the United States is not entitled to "calculate its assessment in any manner its agents choose," "[a]bsent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct." *Olster v. Comm'r of Internal Revenue Serv.*, 751 F.2d 1168, 1174 (11th Cir. 1985). "The taxpayer has the burden of proving that the computational method used is arbitrary and without foundation." *Id.* Henry has failed to present any evidence that the tax assessments were arbitrary or incorrect. The tax assessments for the tax years 1993, 1994, and 2006 are therefore valid and enforceable.

In her answer, Henry included a single affirmative defense, which stated, "I dispute this debt and all claims to contract in accordance with 15 U.S.C. 1692g." (Dkt. 4). Pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, debt collectors must provide a consumer with written notice of certain items related to the debt within five days after making an initial communication. 15 U.S.C. § 1692g(a). If the consumer disputes the debt in writing, the debt collector must cease collection efforts until verification of the debt has been obtained. 15 U.S.C. § 1692g(b). However, the FDCPA does not apply to "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). Further, taxes are not debts within the meaning of the FDCPA. *See Staub v. Harris*, 626 F.2d 275, 278 (3rd Cir. 1980) ("[A]t a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value. The relationship between taxpayer and taxing authority does not encompass that type of *pro tanto* exchange which the statutory definition envisages."). The FDCPA therefore provides no defense to this action. There are no genuine issues of material fact. The United States

is entitled to summary judgment against Henry for the outstanding tax assessments for 1993, 1994, and 2006.

*Conclusion*

Accordingly, it is **ORDERED** and **ADJUDGED** that

(1) Plaintiff's motion for summary judgment (Dkt. 6) is **GRANTED.**

(2) Defendant Betty J. Henry is indebted to the United States of America for 1993, 1994, and 2006 federal income tax liabilities in the sum of $48,281.55, plus interest from December 2, 2009, the total of which shall accrue interest at the rate established by 26 U.S.C. §§ 6621, 6622, for which sum let execution lie.

(3) The clerk is directed to **ENTER JUDGMENT** in favor of the United States of America as set forth above and **CLOSE** this case.

**DONE AND ORDERED** in chambers this 19th day of January, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties